Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| LEILA NICHOLS, an Individual, | Case No. |
| Plaintiff, | COMPLAINT FOR DAMAGES **(EMPLOYMENT DISCRIMINATION)** |
| v. | Prayer: $1,590,000.00 |
| PEACEHEALTH, a corporation, | NOT SUBJECT TO MANDATORY ARBITRATION |
| Defendant. | JURY TRIAL REQUESTED |

COMES NOW, Plaintiff Leila Nichols, through counsel, and files this Complaint for Damages against the above-named Defendant. Plaintiff alleges as follows:

### INTRODUCTION

This case goes to the heart of an individual's fundamental right to free religious expression and thought. This case also grapples with the controversies surrounding management of the COVID-19 pandemic and vaccine mandates. In the end, though, this case is about the Plaintiff and the unlawful religious discrimination she suffered at the hands of her employer, PeaceHealth.

## JURISDICTION, VENUE, AND PARTIES

1.

Venue for this action is proper in the District of Oregon. The Plaintiff, Leila Nichols, lives in Lane County, Oregon. Defendant is a corporation with more than 500 employees that does regular, sustained business activity in the State of Oregon. Plaintiff exhausted her administrative remedies through the U.S. Equal Employment Opportunity Commission and received a right-to-sue letter on or about September 18, 2022.

2.

At all times material to this Complaint, Plaintiff was a resident of Lane County, Oregon.

3.

At all times material to this Complaint, Defendant PeaceHealth was regularly conducting business in the State of Oregon, specifically at the Sacred Heart Medical Center University District in Eugene, Oregon.

4.

Plaintiff seeks a jury trial for all claims that can be tried to a jury under federal law.

## STATEMENT OF FACTS

5.

Plaintiff joined PeaceHealth in 2004 and worked without incident for approximately seventeen years as a Registered Nurse at Defendant's facility in various departments, including in Neurology, Home Health, Orthopedics and Rehabilitation. She also "floated" to other departments when necessary. She worked twenty-four hours a week with a part-time schedule. Throughout her employment, Plaintiff received consistently good feedback from her supervisor, co-workers, and patients.

6.

Plaintiff is also a devoutly religious individual who adheres to principles of a Christian faith and is dedicated to following the tenets of her faith to the best of her ability.

7.

Until the COVID-19 pandemic unfolded, Plaintiff's faith had not caused a conflict with her work requirements.

8.

The COVID-19 pandemic manifested in Oregon in late February of 2020. The pandemic immediately represented a dramatic event in the lives of every Oregon resident, but particularly individuals who worked in health care facilities.

9.

As a Registered Nurse focused on direct patient care, Plaintiff was exposed to the harsh realities of the pandemic on a day-to-day basis, including the risk that she may become infected with the virus.

10.

Despite those risks, Plaintiff continued to provide an exceptional quality of work at the Defendant's hospital. Like so many health care workers during the pandemic, Plaintiff adjusted her life to best ensure the safety of her patients and colleagues.

11.

For eighteen months, Plaintiff scrupulously followed hospital rules and regulations to protect against infection, which included wearing of personal protective equipment (herein, "PPE"), adhering to frequent handwashing and other hygiene protocols, social distancing when possible, and quarantining when necessary.

12.

In the summer of 2021, Defendant announced it would be implementing and enforcing a COVID-19 vaccine mandate in the workplace. Plaintiff was informed that those individuals with

religious beliefs in conflict with the vaccine and/or to the taking of the vaccine could apply for religious exceptions. As a devout Christian, Plaintiff had serious objections to taking the vaccine because it would constitute violating her bodily integrity and tainting the purity of her body per her interpretation of her faith in God and the Bible. On or about August 30, 2021, Plaintiff filed the formal paperwork for a religious exception and anticipated it would be granted.

13.

Plaintiff became deeply anxious over the division at work regarding the COVID-19 vaccines, and after finding out that she would need to choose between her religious faith and her job, she took a leave of absence on August 11, 2021. Before she left, Plaintiff was subjected to a hostile work environment, which included receiving the "cold shoulder" treatment from co-workers and management and suffering through commentary such as the unvaccinated should be left to die and how the pandemic was all the fault of the unvaccinated. Moreover, although Plaintiff's requested religious exemption was accepted, she was placed on unpaid administrative leave on September 1, 2021. The Defendant made no effort or attempt to accommodate Plaintiff's religious exception.

14.

Plaintiff has not been able to find stable employment since being placed on unpaid leave. During this time, she received daily calls from PeaceHealth to come to work, in a job where she was not allowed to work. She also received solicitations for donations thank-you letters for her continued service.

15.

The termination of Plaintiff's pay and retirement benefits has had a significantly negative impact on her life. Prior to her termination, Plaintiff was earning approximately $56.46 hourly as a part-time worker, plus retirement match, for an annual salary of approximately $66,000.00. Plaintiff has been in the healthcare field her entire adult life and invested many of those years with PeaceHealth. She worked her way up in seniority and pay scale, as well qualifying for a four

percent retirement match. The last two years have been devastating to Plaintiff because she has not been able to work in her chosen field. She has suffered mental and emotional distress, including depression and despair. To this day she remains unemployed with no financial security.

16.

The Defendant has yet to explain why, in its view, after a year of being able to work without incident during the pandemic, Plaintiff's unvaccinated status suddenly created an unacceptable health and safety risk necessitating her being placed on unpaid administrative leave, and then terminated.

17.

The Defendant's adverse employment actions against Plaintiff were not to protect against an unacceptable health and safety risk or because of an unduly burdensome cost to its business. Instead, its actions were discriminatory against Plaintiff based on her sincerely held religious beliefs and retaliation for expressing those beliefs. There were reasonable accommodations available to the Defendant that it failed to pursue. Instead, it took the most drastic employment action it could against Plaintiff with an unlawful discriminatory intent.

18.

Because of the Defendant's unlawful adverse employment actions against Plaintiff, Plaintiff has suffered economic loss and emotional distress. She also has been ostracized and stigmatized unfairly for her religious convictions.

19.

**FIRST CLAIM FOR RELIEF**
**(Unlawful Employment Discrimination Based on Religion**
**in Contravention of Or. Rev. Stat. § 659A.030)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

20.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held

religious belief in the tenants of Christianity.

21.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

22.

When Plaintiff raised her well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue working with PPE, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

23.

Instead of finding reasonable accommodation or set of accommodations for her religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff being placed on unpaid administrative leave, and then terminated. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful effective termination.

24.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiff incurred economic damages of no less than $590,000.00, or an amount to be determined at trial for past and future wage and benefit loss, and for non-economic damages of at least $1,000,000.00 or in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

25.

**SECOND CLAIM FOR RELIEF**
**(Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act –**
**42 U.S.C. §2000e et seq.)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

26.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenants of Christianity.

27.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

28.

When Plaintiff raised her well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue working with PPE, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

29.

Instead of finding reasonable accommodation or set of accommodations for her religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in placing Plaintiff on unpaid administrative leave, then termination. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

30.

As a result of Defendant's unlawful discrimination, Plaintiff has been damaged in an amount to be determined at trial for economic damages of no less than $590,000.00, and for non-economic damages of at least $1,000,000.00 or in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages and attorney's fees.

//

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant and seeks the following relief:

1. A judgment in favor of Plaintiff and against Defendant on both claims in an amount to be determined at trial.

2. Plaintiff seeks a trial by Jury on all claims to which Plaintiff is entitled to a jury trial.

3. Plaintiff's reasonable attorney fees, costs, and prevailing party fees.

4. Any other relief as the Court deems just and equitable.

DATED this 5th day of October, 2023.

                JANZEN LEGAL SERVICES, LLC

                By /s/ Caroline Janzen
                Caroline Janzen, OSB No. 176233
                caroline@ruggedlaw.com
                Attorney for the Plaintiff