IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**LEILA NICHOLS,**

       Plaintiff,

v.

**PEACEHEALTH,**

       Defendant.

No. 6:23-cv-01460-MK

**ORDER**

AIKEN, District Judge.

    This case comes before the Court on a Findings and Recommendation filed by Magistrate Judge Mustafa Kasubhai. ECF No. 13. Judge Kasubhai recommends that Defendant's Motion to Dismiss, ECF No. 7, be denied.

    Under the Federal Magistrates Act, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

    For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress,

in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."). Although no review is required in the absence of objections, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Id.* at 154. The Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court should review the recommendation for "clear error on the face of the record."

In this case, Defendant has filed Objections, ECF No. 15, urging the Court to dismiss Plaintiff's claims in their entirety. Plaintiff has not responded to the Objections and the time for doing so has passed.

The Court has reviewed the record and concludes that Plaintiff's religious discrimination claims are insufficiently pleaded. The burden to allege a religious conflict with an employment duty is minimal. *Bolden-Hardge v. Office of Cal. State Controller*, 63 F.4th 1215, 1223 (9th Cir. 2023). However, a court need not take "conclusory assertions of violation of [a plaintiff's] religious beliefs at face value." *Id.* "A threadbare reference to the plaintiff's religious beliefs is insufficient to satisfy the first element of a prima facie case," and "Title VII does not protect medical, economic, political, or social preferences." *Kather v. Asante Health Sys.*, No. 1:22-cv-01842-MC, 2023 WL 4865533, at *3 (D. Or. July 28, 2023) (internal quotation marks and citations omitted).

The requirement that Title VII plaintiffs "provide more than a recitation of the elements of a prima face case is not an empty formalism." *Gamon v. Shriners Hosp.*

*for Children*, Case No. 3:23-cv-00216-IM, 2023 WL 7019980, at *3 (D. Or. Oct. 25, 2023). "Consistent with this rule, several district courts have dismissed Title VII complaints for making conclusory allegations regarding the plaintiff's religious views that do not describe the conflict between those views and the former employer's policies." *Id.* at *2 (collecting cases). As courts in this District have held, "vague expressions of sincerely held Christian beliefs alone cannot serve as a blanket excuse for avoiding all unwanted employment obligations." *Kather*, 2023 WL 4865533, at *5; *see also Trinh v. Shriner's Hosp. for Children*, Case No. 3:22-cv-01999-SB, 2023 WL 7525228, at *10 (D. Or. 23, 2023) (finding that a complaint failed to state a claim for religious discrimination based on conclusory allegations concerning objections based on "bodily integrity" and "purity of [the plaintiff's] body."); *Craven v. Shriners Hosp. for Children*, Case No. 3:22-cv-01619-IM, 2024 WL 21557 at *4 (D. Or. Jan. 2, 2024) ("Of course, this Court does not question the sincerity of Plaintiff's belief that his 'body is a temple of the Holy Spirit.' But Plaintiff's belief about the composition of his body and that of the vaccine are independent of one another[.]" (internal citation omitted)).

Here, Plaintiffs allegations concerning the religious nature of her objection to the vaccine mandate and the conflict between her religious beliefs and the vaccine mandate are conclusory. However, these shortcomings might be remedied by the allegation of additional facts. The Court will therefore dismiss Plaintiff's religious discrimination claims with leave to amend.

## CONCLUSION

The Complaint, ECF No, 1, is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days from the date of this Order in which to file an amended complaint.

It is so ORDERED and DATED this  24th  day of August 2024.

 /s/Ann Aiken
ANN AIKEN
United States District Judge