UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| LEILA NICHOLS, | Case No. 6:23-cv-01460-MTK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| PEACEHEALTH, a corporation, | |
| Defendant. | |

**KASUBHAI,** United States District Judge:

Plaintiff Leila Nichols ("Plaintiff") filed this action against her former employer, PeaceHealth ("Defendant"), on October 5, 2023, alleging state and federal law claims of employment discrimination. ECF No. 1. Before the Court is Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 19. For the reasons below, Defendant's motion is denied.

## BACKGROUND

Plaintiff worked for Defendant as a Registered Nurse for approximately seventeen years. 2d Am. Compl. ¶ 5, ECF No. 18. On August 4, 2021, Governor Brown announced a mandate that all health care workers must be fully vaccinated or subject to weekly COVID-19 testing. The Oregon Health Authority ("OHA") subsequently determined that weekly testing would not be

sufficiently effective in addressing patient and co-worker safety risks, and the mandate was changed to require that all health care workers be fully vaccinated. In the summer of 2021, Defendant notified its employees that it would be implementing and enforcing a COVID-19 vaccine mandate in accord with the Oregon mandate. 2d Am. Compl. ¶ 12. In November 2021, the U.S. Center for Medicare and Medicaid Services imposed a nationwide vaccine mandate for healthcare workers. The U.S. Supreme Court upheld the federal vaccine mandate and affirmed that the vaccine was "necessary to promote and protect patient health and safety." *Biden v. Missouri*, 142 S. Ct. 647, 652 (2022). Both the state and federal vaccine mandates allowed for exceptions based on religious or disability-related accommodation requests but required that such accommodations not pose a health risk to others, primarily patients and coworkers.

As a devoutly religious individual who adheres to principles of a Christian faith, Plaintiff applied for a religious exemption to Defendant's vaccine mandate on or about August 30, 2021. 2d Am. Compl. ¶ 12. Plaintiff's exemption request was granted, and she was placed on unpaid administrative leave on September 1, 2021. *Id.* ¶ 13. Plaintiff filed this action on October 5, 2023, alleging state and federal law claims of employment discrimination based on religious faith. *Id.* ¶¶ 19-30. On August 24, 2024, the Court dismissed Plaintiff's claim and granted her leave to replead. ECF No. 17. Plaintiff filed an amended complaint on September 23, 2024. *See* 2d Am. Compl.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Los Angeles Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017). In evaluating the sufficiency of a complaint's factual

allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Id.* To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Los Angeles Lakers, Inc.*, 869 F.3d at 800. The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## DISCUSSION

Defendant moves to dismiss Plaintiff's claims that Defendant engaged in unlawful employment discrimination based on religion under Or. Rev. Stat. ("ORS") § 659A.030 and Title VII of the Civil Rights Act by failing to properly accommodate her request for a religious exemption to the COVID-19 vaccine mandate. The Court previously dismissed Plaintiff's Complaint on this basis, finding that Plaintiff's "allegations concerning the religious nature of

her objection to the vaccine mandate and the conflict between her religious beliefs and the vaccine mandate are conclusory." ECF No. 17 at 3. Plaintiff has amended her complaint, but Defendant argues that the new allegations are still conclusory and are secular in nature. In particular, it argues that the Second Amended Complaint does not allege sufficient details to determine whether Plaintiff's underlying beliefs are religious or secular in nature. Def. Mot. at 7; Def. Reply at 2. Defendant asks the Court to find that Plaintiff has not sufficiently alleged that she held religious beliefs that conflicted with her compliance with their employer's vaccine mandate and to dismiss Plaintiff's complaint with prejudice on that basis.

To make out a prima facie case of religious discrimination based on a failure to accommodate a religious exemption request under Title VII or ORS 659A.030, a claimant must plead sufficient facts to show that (1) she had a bona fide religious belief that conflicted with an employment duty; (2) she informed her employer of the belief and conflict; and (3) the employer took an adverse employment action because of the claimant's inability to fulfill the job requirement. *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 606 (9th Cir. 2004); *see also Heller v. EBB Auto Co.*, 8 F.3d 1433, 1437 n. 2 (9th Cir.1993) ("Courts construe Oregon's statutory counterpart, Or.Rev.Stat. § 659.030 (1992), as identical to Title VII").

While courts need not "take plaintiffs' conclusory assertions of violations of their religious beliefs at face value," *Bolden-Hardge v. Off. of California State Controller*, 63 F.4th 1215, 1223 (9th Cir. 2023) (internal citation omitted), assertions "of a sincere religious belief [are] generally accepted," *Keene v. City & Cnty. of San Francisco*, No. 22-16567, 2023 WL 3451687, at *2 (9th Cir. May 15, 2023); *see also Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1176 n.3 (9th Cir. 2021) ("We may not . . . question the legitimacy of [plaintiffs'] religious beliefs regarding COVID-19 vaccinations." (citing *Masterpiece Cakeshop, Ltd. v. Colorado C.R.*

*Comm'n*, 584 U.S. 617, 638 (2018))). Further, "religious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit" protection. *Thomas v. Rev. Bd. of Indiana Emp. Sec. Div.*, 450 U.S. 707, 714 (1981).

Here, Plaintiff alleged:

> Under divine law, my Christian faith is protected receiving the COVD-19 vaccination violates my religious beliefs and practices. My body is the Temple of the Holy Spirit, made to be clean and pure. Taking the vaccination does not leave my body clean and pure in the eye of the Lord.

2d Am. Compl. ¶ 12. These allegations identify Plaintiff's religious belief that her "body is a Temple of the Holy Spirit made to be clean and pure," as well as a specific conflict between that belief and her employer's vaccine mandate: that the vaccination would not leave her body "clean and pure." Taking the allegations as true and drawing all reasonable inferences in favor of Plaintiff, she has plausibly alleged enough detail to identify the religious nature of her objection.

Defendant argues that Plaintiff's allegations are secular in nature because she has not alleged a religious origin to her belief that vaccines are not "clean" or "pure." Def. Mot. 7. Defendant has not cited any binding authority requiring such an allegation. While "Title VII does not protect secular preferences," *Tiano v. Dillard Dep't Stores, Inc.*, 139 F.3d 679, 682 (9th Cir. 1998) (citations omitted), a religious belief may still be sufficiently pled when alleged alongside secular beliefs, *What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws*, U.S. Equal Emp. Opportunity Comm'n, § L.2, https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws (last visited Mar. 20, 2024) ("[O]verlap between a religious and political view does not place it outside the scope of Title VII's religious protections, as long as the view is part of a comprehensive religious belief system and is not simply an isolated teaching."); *see Doe*, 19 F.4th at 1180 (citing *What You Should Know About COVID-19 and the ADA, the*

*Rehabilitation Act, and Other EEO Laws*, U.S. Equal Emp. Opportunity Comm'n, § L.2–L.3, https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws). The coupling of a secular belief about the purity of the vaccine alongside a religious belief about injecting an "impure" substance into Plaintiff's body does not render the conflict secular as a whole.

Thus, Plaintiff has plausibly alleged sincere religious beliefs in conflict with an employment duty, and Defendant's motion to dismiss should be denied.

## CONCLUSION

For the reasons above, Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 19) is DENIED.

DATED this 12th day of December 2024.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge
